Jack denari on behalf of Martin Hornet Black bear on behalf of Martin Hornet Black bear on behalf of Martin Hornet Black bear on behalf of Martin That I hopefully would remind you that you're an officer of the court. It's this mess with mitigating Circumstance that your office. I'm sure it wasn't you tried to get stipulated to then in closing argument basically walks back to the stipulation and I don't know what the judge had for breakfast this morning But then there's this kind of prolate zone like exchange with the juror foreman sitting in the box not deliberating And then we get this Juror This verdict slip and which says that the stipulation basically saying that there was a mitigating factor well, there is no mitigating factor and I guess you're going to argue that it's not a problem because the jury could Consider it which is all the Supreme Court jurisprudence allowance Candidly speaking just myself. I don't know how you can stand them in faith and make that argument if that's the argument you're going to make Proceed with whatever ever argument want to make but I don't know how you can make that argument with a straight face Go ahead. Thank you, Your Honor. I'll try Trying to keep a straight face to try to make the argument both your honor. Good luck with the first. Okay, Your Honor all right in looking at the record and I think obviously the court has done that and looking at the Dialogue and the back and forth between the judge and the jury foreman while they were actually examining the verdict slip I It was originally delivered to the court First of all, why is that the case? Why should we look at it before? As we live it to the court because that's not what the jury was pulled on the jury was pulled on the form with this No mitigating factors Checked the reason we should look at it before any Before they were polled is because as the court has already noted the judge You don't not sure what he had for breakfast that morning because of how he wound up Interrogating the jury foreperson in open court So I think it's very important that we look at the jury slip as it was handed Before any discussion took place and what we have is a jury that checked off death Not a life sentence and then went down Did not list as they should have that they were balancing That aggravating factors Versus mitigating factors. What law is there out there and let's let's try to keep it in Anglo-Saxon jurisprudence that would support the proposition that when the judge tells the foreperson of the jury to correct the verdict form and The verdict the jury foreman corrects the verdict form The jury is then polled and asked is this what you will agree to and they all say yes That's what we're agreed agreed to what law supports the proposition that we should forget all of that and look at the verdict slip as it came out of the Jury room which had a significant problem which called the judge's attention to it Well, that was just the beginning of my my point Your honor is this that if you take the verdict slip as it was delivered And then you realize that the jury did in fact make a mistake In other words, they a mistake of omission. They did not check the the Second part. I think it's to be whatever they did not check that box indicating they were going to balance Mitigating versus aggravating. I don't know. That's a mistake I did not check one at all the first time that the first time and but what they did do was they wrote down a Mitigating factor and they wrote down aggravating factors So it's clear that they considered the lack of prior record as a mitigating factor Then they also had aggravating factors When the judge said well if you're going to find death here I need you to check one of these boxes and then they in fact checked box to the balancing box and then the judge again, I think it was more a problem with the judge than the jury and and He then had to take it as a system when it gets here since the jury gets the law from the judge It's hard for us to compartmentalize it and say well the judge blew up, but the jury got it, right? Well, and I guess I would this is this is I thought about it and thought about and tried to come up with an example that that maybe the court would Grab from from our perspective is the appropriate verb. Okay Is this I now I'm not at all confused as to what happened It seems fairly clear to me So I'm rather astounded to hear you argue that the jury found a mitigating circumstance I was the jury said it didn't well court has said it did no no court has said it did my argument arguing in the blue brief, which Lucky for you. You didn't write the one is 2004. It's like you didn't get a recent one That the jury found a mitigating circumstance and I don't know where that comes from other than they initially wrote in No prior and then crossed it out First offense they wrote in and that would be and I guess that's a I understand the course feelings and certainly Disagreeing with them in that respect, but here's here's my argument My position is that they found a mitigating circumstance no prior record They balanced it and they came out with a zero and this is the example I would give other than a Ouija board What where was that coming from? It's coming from something that we deal with in everyday lives on your tax returns last month if you had gains and you had losses You and you wrote down and at the end of the day at the end of your sheet You put down zero for your gains But if you go back through your itemized line items, you may have gains in particular areas Which are offset by your losses They don't say they balance they said they if what you say is right, they found a mitigating circumstance They checked the at least one aggravating circumstance and no mitigating circumstance. That's what they checked They so why would they balance if they didn't find a mitigating circumstance balance? They did balance they wrote they wrote in under the mitigating circumstances. They wrote in one They crossed it out after when did they cross it? They cross it out after the judge said listen, you've checked death You have not checked any of the two boxes, but you have filled in the part that indicates balancing So the foreman then checked the part that said we balanced and then the judge upon further instruction They wound up crossing out and that's the part that I don't get. I mean if they list for I Really too well, there were two yet going in and They found another one and then they put in first offense So they come and come back and the judge says, okay, so you find for death in a but folks You got to do a check in B and they go to b2 and they put a check What caused them to erase that check and to erase first offense and then say that there was no mitigating circumstance? When everybody had stipulated that there was a mitigating circumstance and I guess my final my final response would be that Upon questioning of the judge the same way upon questioning of Uncle Sam on your tax return. Did you have any gains in? 2011 you might have had $4,000 worth of gains. So yes, you had gains, but you had $5,000 worth of losses your final answer at Uncle Sam is I have no gains Your final answer is it their final answer was there were no mitigating circumstances and they checked They checked the box that says that and that has been until the blue brief in 2004 the Commonwealth's position Then that briefs talks about they found a mitigating circumstance at one point. It said at the end they failed to consider it Baseball season I'm going to give you one right over the plate because I think that this in a sense is the source of a lot of the confusion There is a difference. Is there not? between the fact the stipulated fact that he has no prior offense and Finding that that fact was a mitigating circumstance Yes The charge itself Which came in over no objection talked about the distinction between aggravating and mitigating Circumstances and the charge said quote in terms of deserving the death penalty He those things that make a first degree case either more terrible or less Terrible a mitigating circumstances anything about the defendant of the crime in which fairness and mercy Should be taken into account in deciding punishment the jury here speaking only for myself Did not find the fact that the defendant had no prior record to rise to that level Okay I understand what you're saying. Yes, I don't know if I agree with that. It's two things here when the jury Did Initially found the prior offense let's say later crossed it out because when I came right down to it They didn't find it was a mitigating circumstance. That's why they checked one But you're arguing now they found it. I'm mark what I guess my argument is they found it as a mitigating circumstance and Upon the judge's instruction is when they finally checked one. That was the last thing that they did But you're still our way to us today that it was a minute They found a mitigating circumstance and they and they balanced it and as you would cross out your gains They balanced it. They didn't they didn't do it. They should have checked who they did check two and that's crossed out You'll see that scribbled out. We should know that they crossed it out. Excuse me So I'm still confused so they come in When they come into the courtroom The words first offense are there correct? And the judge says but wait a minute, you've got to check you said death, but you got to check box one or two now I'll Backtrack what he should have said was you need to check box two if that's correct. Absolutely correct. So they they then Go and check box two What I don't even under I do not understand from the transcript what caused them then to say Okay, let's just cross out first offense as a mitigating circumstance and therefore cross out that we're going to weigh and Then go to box one, which is that there are aggravating circumstances and no mitigating circumstances What what logic? What happened the logic? Yeah Okay, well they that my guess my my short response would be the logic is that The foreman thought he then had to cross that out because he had checked death So he needed to have no longer any mitigating factors despite the fact that the sheet said you should be balancing This is a penalty jury of the foreman. We have a jury of one here. Well, I Believe that the it would have been cleaner to send them back into the jury room. Absolutely and and although the judge Was in error and the Commonwealth's not It's not contesting that the jury nevertheless got it. Right is our position Especially when the prosecutors up there arguing there are no mitigating circumstances which blows my I wished wish he were here The prosecutor stipulates in a death case, but this is not a don't move court here. It's some really serious consequences The prosecutor stipulates Mitigating factor no prior record or no serious criminal record. Whatever the statute is. He then gets up and argues I submit to you. There are no mitigating sir. Well, he said no he in the in the term of flamboyance I would submit he said there are no true mitigating factors here Acknowledging that that's what that's what that's what the gesting the difference between what how much is something offered to be a mitigating? Circumstance worth does it meet the preponderance test? And yes, you have allegations of what are deemed to be relevant mitigating of relevant mitigating evidence But are they worth are they sufficiently worth it to call them a mitigating? Those are two different things. This is there are no true mitigating circumstances of merit in this case. There are over to Aggravating circumstances. Well, Pennsylvania law has defined what is a true mitigating circumstance and it's the thing. He's just stipulated to I don't know how you can avoid the obvious conclusion here that they They just did not Somebody in that jury room. However, the deliberations went Wasn't convinced as the court the court tells them they've got to be convinced by preponderance of the evidence of a mitigating circumstance Which is a problem because he then didn't go on and say however here There's a stipulation and you should accept as proven the fact that there is a mitigating circumstance That would have put them in a posture where they could have something on the mitigating side of the scale To weigh against the aggravators that they clearly found Beyond a reasonable doubt and there would have been a balancing But here we've got a balance with only one side of the scale in play The only side in play is the aggravating side because they've been told That before something can be mitigating they've got a Beast it's got to be established by preponderance of the evidence So it seems to me what happened is that the jurors were not no one drew was convinced Preponderance of the evidence that there was a mitigating Circumstance just as the prosecutor argued prosecutor said the normating circumstances here. So there's nothing to weigh despite the stipulation it's But the stipulate we're talking I suppose here in terms of Pennsylvania law, of course, what we're reviewing here is If the court would allow I I'm not sure how much time the court would want me to spend on lingering I don't think we're done with with the Various question there. This is worth throwing 9711 at you and curly under Pennsylvania law. This is a horrendous problem Why wouldn't it fall into the language? I think it's boyd where if there is something that precludes the jury considering and mitigating circumstance or giving sufficient and adequate weight I'm gonna say wait because that was Pennsylvania law back into it if there's something that precludes the jury from adequately considering Something in mitigation that rises to an Eighth Amendment problem. Now, why isn't what we have here exactly? that like not telling the jury in Boyd what Deliberate means with the guy who was at a low IQ IQ of 50 But the same thing but the court in the the judge in this case told them that they should consider all mitigating Evidence when they must once they must they should consider it once the mitigating factor has been established By the balance of the evidence then they should consider it. That's what he told me I mean what the judge said to them in three places was that they Must consider as mitigating circumstances any circumstance which tends to justify the penalty Then later on you must consider all evidence of mitigation then later on the the list of mitigating circumstances Offered cannot limit your deliberation since you are free to consider any aspect of the crime or the character of the defendant as mitigating in your sole discretion So clearly the court says yes, we are not you you need to consider you're not in any way being precluded from considering But you also the courts have said in addition to considering you have to give effect to or be able to give effect to and It doesn't look as if there's an instruction on being able to give effect to the mitigating Circumstances that they consider or the the facts that they consider as possible mitigating circumstances And I guess I would first say I'm not I would argue that that instruction Wouldn't be required and the result here. Is that after everything's to be the all the cases From you know Boyd and Lockett All them seem to say that there's two things. It's you must not be precluded from considering and you must be able to give effect to And and the response would be when the verdict slip is delivered to the judge at the outset They have filled out the part of the verdict slip that asked them to list mitigating circumstances and they have therefore considered and they have given effect to The lack of a prior or lack of prior record essentially Polling never happened. Excuse me. The polling of the jury never happened. Oh, we should just ignore it No, I believe the I know the polling of the jury happened at the argument is at by that time the jury foreman Believed he now had a zero in his column because he crossed out I don't think that's what the argument is. I think give effect to is how do you define give effect to? What does that mean give effect to doesn't mean you must accept it and up and and find that there was indeed a mitigating circumstance as a matter of law It just means well, you know Abdul-kabar all of the cases Enable it to you are enabled to find right before you answer that wired Before you answer that you need to understand that's another softball across the middle of the plate. Okay It's not a trick question. Okay, I I and I'm I would answer that They have given effect to it By virtue by virtue of the fact of listing it as a mitigating circumstance You know, they considered it. They considered it. Absolutely Minimum, you know, they considered it They didn't find it worthy of Saying it was a mitigating circumstance. It didn't buy a preponderance not one juror found it worthy They they balanced is our position that they You want to take call they gave it a zero the question is can they give it a zero That's really the issue. No, they didn't they didn't give the lack of prior record is zero They gave the totality of they gave the lack of the thing. They gave the lack of a prior record No, wait for purposes of determining it to be a mitigating circumstance Correct. No, I'm not. I'm not agreeing Let me ask let me ask another question when you look at the Verdict sheet here and it says in B to the following mitigating circumstances are submitted to the jury and must be proven by the defendant And it says by a preponderance of the evidence and then goes down a list as one Underneath that the defendant has no significant history of prior criminal convictions Isn't that confusing isn't that really in effect the verdict form saying to the jury that you need to find by a preponderance of the evidence That there's no significant history of prior criminal convictions. Well, I know Then the jury's finds boy meant they stipulate to that right? Well, maybe we maybe we need to I Don't know Doesn't make sense. Well, I can't I can't stand here and say that that verdict slip was clear and without The Ability for someone to be confused after looking at it Well, then I can't defend under Andreas isn't the answer if given all the problems we are having and even you're trying to have in in Divining what exactly what on in the jury of foreman's mind because we are now I think at a point where we've got a jury of one or a death case under Andreas given that amount of ambiguity and doubt Isn't the obvious answer that the sentence has got to be life you can't sentence someone to death With this kind of ambiguity and uncertainty about whether or not the procedure that got the person to the point where the needle is going Into his arm whether or not that procedure was constitutional or should we just forget all that and say well They could have gotten it, right? Maybe they got the right result by the right path So let's stick the needle in his arm and pull push the plunger down. Is that what you're arguing? Well, I Don't know if the court should be looking at the as it just stated that the needle in the arm as to whether or not When it looks at the record, I think looking at the record as well Andreas tells us in death cases where there's a concern about or doubts about the jury handling of an instruction the you've got to resolve that in favor of the accused that's why I use the metaphor of the Needle in the arm because it does strike me that you're approaching This as though it was an adult moot court and there's something very real at stake here, which is getting Lost in the adversarial zeal to pull a victory out of this one. I Have nothing to respond to that other than what I've already I've already argued. Well, I go into this argument fully Believing based on everything I've seen so far Essentially since 1989 that I've read that the jury found no mitigating Circumstance and indeed, that's what the jury said This is every other court and you stand up this morning and you tell us they found the mitigating Circumstance and they balance. I mean the jury said on poll they accepted the foreman's reasons and and the foreman's reason said there wasn't one so I guess I You've changed your position. I Commonwealth seems to me to have changed and come was wants to win. I well, I don't believe I don't believe we've changed the position and again, I That the tax analogy is is what I'm sticking with because I know you are Because you get the kind of we're not never you can Says when you've got nothing you've got nothing. Well, I understand I I don't believe we are your honor. I again, it's they found it position now today Yes, or no that the jury found a mitigating circumstance. Yes or no After they balanced no, they found none. That's correct They said they said we find no mitigating after they balanced the the two or three Aggravated versus the worst. Yeah, because they didn't balance they said they didn't balance they checked one So no, they checked the other one first though. Yes Okay after the judge told them you need to check this box finding was there was no mitigating circumstance Is it your position today that the jury found a mitigating? Position is at the end of their balancing. Yep. Yes or no Did they find mitigating having checked one which said they found no mitigating circumstance? Is it your position today that they did indeed find a mitigating circumstance as was written on a verdict slip? Yes When it was balanced out, no Okay, thank you Laurie I May have pleased the court Matthew Laurie on behalf of the habeas petitioner David Copenheffer the Let's just see if we can get the the test out of the way it appears from looking at the Supreme Court jurisprudence that the test is that the Sentencer May not be precluded from considering Any mitigating evidence that is that one part of it so far? That's part of it. Okay, and then the second part is The jury cannot be or the sentence or in this case cannot be precluded from being able to give effect to mitigating evidence So it has to you can't say you can't do something by way of an instruction that takes away from the jury its Ability to give effect to mitigating evidence That's true. And also Make up a better stand a little closer to it. Pardon me. Just pull the mic up Just stand a bit closer to it. Thank you. And if you I'm sorry you want to yeah I I want to say also that that part of it though under Boyd is is There if the if the instructions are ambiguous if the instructions are not conveying clearly to the jury Then you have to look at whether there's an unreasonable a reasonable likelihood that the instructions You know impaired the sentencing process Made that they weren't clear. The argument is being made that they didn't require the jury to find as a mitigating circumstance the Failure to have a you know, the lack of prior offense Well, I think there's actually both because because the judge never tells the jury what a stipulation is So so there is a real there is a real Argument a real possibility that the judge that the jury but he's not understand but even there You know, obviously this is all pre risotto but even there does he really have to tell them what a stipulation is because What he says is you can consider anything you want as a mitigating circumstance And he certainly didn't preclude him from being able to give effect to whatever that is and The problem that I run into is that there's then in the 1998 case of Buchanan the Supreme Court says yes These are the two principles You can't preclude him from considering and you can't preclude him in any way from being able to give effect to But then it goes on and says But we have never but we have never gone further and held that the state must affirmatively structure in A particular way the manner in which the juries consider mitigating evidence and indeed our decision suggests that complete jury discretion is constitutionally permissible and then it goes in quotes among other cases a Supreme Court case by the name of Stevens which rejects the argument that a scheme permitting the jury to exercise unbridled Discretion in determining whether to impose a death penalty after it has found that death penalty eligible is unconstitutional and So it sounds like the jury can do with that Whatever it wants to do it can as confusing as this is it could Consider that mitigating circumstance to be part of the balancing or it could say I know what they stipulated to But we don't find it to be a mitigating circumstance And in that context federal courts don't enter Why is this not a Buchanan case? Okay, let me answer that question first and then there's some other things I need to get back to but it's not a Buchanan case because Pennsylvania's structure is so radically different from Virginia's structure in Virginia Let me explain. Let me explain a minute in Virginia you have Aggravating factors established and then it's up to the jury to consider anything they want They don't have to find things. They don't have to find specific mitigating factors Pennsylvania as this court recognized in Abu Jamal, Pennsylvania structures that very differently Where in order to actually give effect to the mitigation in order to balance it in order to weigh it You first have to find a specific mitigating factor and that's why this case is so different from Buchanan it's why actually the only difference from the Virginia Code and it may be helpful to you but Between the Virginia Code and the Pennsylvania Code is that the Virginia Code states that mitigating circumstances may Include the lack of a criminal conviction and the PA code uses that the mandatory language shall include That that's correct your honor, but it and it and that is a difference as well But the the difference is in the way the jury is instructed Because in in Virginia or in Ohio where we had Smith versus Spisak, the jury is free To to consider any of the evidence to the extent it gives that any mitigating weight That's that's they've got to in any jurisprudence. I mean, that's the Eighth Amendment But I'm going to say that as to Buchanan there the prosecutors started by conceding and telling the jury there are mitigating Factors here. There was never a situation in Buchanan where the jury was put in a position that being led to believe both by the judge in his charge and by the Prosecuted argument that there was the zero the quantity the quantity of mitigation was zero That seems to me. I thought that's we're going to say in Buchanan the prosecutor starts out by saying that there are mitigating factors Even if you find that there was violence, which it's a problem. You do not have to return the death sentence I will not suggest that to you because there's mitigating evidence, but they went on to argue how they should balance in favor of the aggravator Here jury's led down the path of no mitigation But to get to this is Pennsylvania problem, but get to the Eighth Amendment you've got a somehow show us I think that that prevents the jury from considering all of the evidence that they may find in mitigation Considering and giving effect anywhere where they give a fact not giving is at the weighing stage It's is it not giving effect or not being able to give effect Because Buchanan seems to say that once they are able and you haven't precluded them It's their discretion We stay out of it Otherwise if we get into it the flip to that is we start in light of the Greg case from the 1970s we start Telling them how to decide and we we we give them complete discretion We've done it for the last since the 70s and we're not going to change even if it goes the other way Right, but that's not great When when Tony Amsterdam argued Greg it was a different case Because they were being in effect precluded Arguably precluded from from being able to consider so you They're able to consider anything they want if it helps, but if it hurts they're also able to consider it Right right, but but but simply what I mean simply being able to consider it isn't enough That there has to be the ability No, no it no the if you look at at every case from from log it through through Penry If you look at McCoy, it's not just consideration It's giving effect at the stage of the ultimate sentencing. That's directly out of McCoy so you you have to be able in the weighing process to give effect and the only way that you get to weighing a mitigating factor in Pennsylvania is if you first find it by a preponderance of the evidence and And it's this highly structured system, which is which is critical here because You know we have we have a lot of problems with the jury to getting to that point number one is they're not told what a stipulation means a Stipulation means that the fact is proven if they don't know that they may they may reject it just actually we're not that impressed Mitigating circle the fact was not that this was a mitigating circumstance the fact that was Stipulated was the fact he had no prior offense. That's true, but with this particular mitigating factor There's no difference between the fact and the mitigating factor with most other ones under Pennsylvania law under Pennsylvania law and and that's what we have to go by because Pennsylvania has to carry out cannot carry out its law in an arbitrary and capricious fashion and you know No No, we're not reviewing a decision of state law But the way that the state structures its statute is critical to whether it's carrying out the statute consistent with the Eighth Amendment The Let me ask you We've been dealing with theory here and what the principles are and that the Supreme Court in 14 years ago said that the manner in which juries exercise their discretion we state we stay out of but practically speaking here It looks when you read What happened on the verdict slip and what was said in court? Whether it was weighing or whether it was aggravating and no mitigating in other words whether they discounted the no offense as Not being a mitigating circumstance. This jury was going to find for death just as they did when they walked into the courtroom checking that box and not checking the Analysis that they used to get to that box. I Can't get into the psyches of the jurors and this is not okay this type of error not do that They check the box of death. They check the box of death. They had two paths to get there and they if you You're opposing counsel seems to think that they came in and they checked the weighing path and then somehow based on the colloquy That they decided now, you know, and and they were polled Really that prior offense doesn't for us equal and mitigating circumstance So therefore it's the first box, but does it really make a difference if they're going to check it either way? well, we don't but they're going to check a box either way and They never veered from from death. Well, they were they were at an impasse at one point and we don't know how Long impasse Yeah I thought I should be going back to what you said before that you can't carry it out in an arbitrary and capricious way if They've in their mind concluded that this that they're going to impose the death penalty Because for whatever reason and they got there in an arbitrary and capricious way Hell-bent to get there regardless of the statute that may well go back to what you said before about it being an arbitrary and capricious Sentence and I thought that was going to be your answer to that question and that would be an eighth amendment problem well, I I Agree with all of that but I but I also want to say I think you know this kind of error goes directly to the heart of the weighing process because What the we know that the jury did not? Find a mitigating factor and did not weigh it. So that means that they had to automatically impose death No, we know or your opposing counsel says that when they first came in They had listed first offense as a mitigating circumstance and that checked the box under two So it indicated that they weighed and then based on the colloquy they decided somehow I'm not quite sure how that that mitigating circumstance Didn't exist and therefore they were going to go under one but It looks like you the argument that your opponent could make is it doesn't make any difference whichever way it was they decided it was going to be death here and And I don't think that that you can That you can clearly arrive at that without speculating about what the jury did I mean what we know I know we know is that is that they that they They checked the verdict slip and said no mitigating factors and they and the jury foreman said we didn't find any mitigating factors and everybody said we didn't find any mitigating factors and the The jury found no mitigating factors, so they couldn't weigh well Except let's go back to that portion of the instruction that I read earlier the one that defines mitigating circumstance the one that is Nobody take an exception to in all these many years That the jury had to find to make it a meeting mitigating circumstance Deserving of the death penalty Things that were make it more terrible You know they had to look at fairness and mercy. Do you know in your Closing argument the defense's closing argument. They dug this out bow to the record you said that there were 358 pieces of circumstantial evidence 358 pieces One of the things that astounds me is that the government the Commonwealth never never argued harmless error here But in any event but but when Judge Ambrose says you know they were went in there prepared to find death Is that really? Surprising Given the terrible terrible case this was I mean Mitigating circumstance no prior offense It's kind of bupkis compared to the aggravating or the circumstance the 358 pieces of evidence that the defense conceded were present I Guess I've been lecturing I don't mean to But but you know this was a terrible case and And and juries Have to weigh the factors even if it's a terrible case and this jury didn't weigh the factors they Know they they automatically imposed death, but what if you think they didn't weigh the factors when they wrote down Because because they can't they can't weigh a factor if they don't find it That's that's the structure that they were on went and then crossed it out, but under Buchanan. It looks like they have the Basically the Supreme Court saying that when it comes to their discretion its hands off But this is not this is not a discretion. I mean in in this case in this way it It just didn't meet the preponderance standard it would didn't weigh enough Well, I think if the jurors if we want to speculate and we want to speculate that the jurors didn't believe that The mitigating factor was proved by a preponderance of the evidence then no rational fact finder could do that Because the fact that he had no prior convictions was proved to one hundred percent a hundred percent he has no prior convictions and so Pennsylvania law says Our question I don't think any of us are disputing that But the question is does that mean as a matter of law? There's a mitigating circumstance that's been proven here as a matter of federal law at bottom it does it no no rational fact finder can say that if you've got a 100% proven fact and that fact is the same as the mitigating factor that we're going to give it no weight Eddings versus Oklahoma says, you know when a sentencer has something they can they can decide to give it no way the issue was did they Engage in that balance like they could look at this say he's got no prior record But given this I don't care. I'm not going to give it anyway. They couldn't say that my concern Is that they were told that they it's quoting from the church This is not and I think this gets the hurt of it in terms of the Buchanan problem This does not mean you must accept them as mitigating circumstances You shall only do that if one or more of you determines that the mitigating circumstances have been proven Repugnance of the evidence seems to me. That's the problem. They could have concluded that yeah, there's a mitigating circumstance We're not going to give it one iota of weight Given what happened here, but at least then they're into a weighing process that we can't interfere with if however They didn't do that. They simply said well, there is no mitigating circumstances. The prosecutor argued in the closing argument despite the stipulation Then it does seem to me that there is a problem Under the Eighth Amendment because you may well have as you said earlier an arbitrary and capricious Result the denying a fact which has been proven, but they don't know it's been proven and they're rejecting that exactly I can't engage in the weighing process. We should put a court reporter in the jury room To see what they actually considered what they actually weighed and how they went about well Well, it would be I guess it would be wonderful if we could do that But we don't do that and and one of the things that comes out of Eighth Amendment jurisprudence is In Mills, for example, we're not going to take an unreasonable risk that That the sentence was arrived at but in a manner that does not know Obviously, as you know Mills is very different Mills is the The you had to be unanimous in finding in mitigating circumstances. Oh, yes. I'm not suggesting. This is Mills error I'm using that as an example of the judge here basically said that any one of you can find a mitigating circumstance Right, correct, correct. I know I'm not saying this Mills error Even even though they were polled they made clear that no one juror did Exactly and so no one juror engaged in the weighing process and and we don't well Again, there are two ways of weighing one weighing it enough to see if it's enough to be a mitigating and weighing the aggravating And that that's the part that they didn't do because they didn't find a mitigating circumstance exactly But you're saying they had to as a matter of law I'm saying number one that the instructions didn't give them sufficient guidance to make this reliable because they were not told what a stipulation means and They weren't told that That this fact established it as a matter of law and number number two If if you assume that they knew what was going on here that they that they knew that that the that the stipulation proved the fact and they still Refuse to find the fact then then that in itself is arbitrary and capricious the let me just Because I don't really know. I know what the Supreme Court of Pennsylvania did when this case was remanded back to them after 2005 That they found that risotto was not retroactive exactly and It wasn't since this was the case that really set the Standard the other way before it was reversed by risotto Do you have any idea why? They went that route it's It's puzzling to me. I think that that justice Saylor who was in the middle Said made some comments and one of his comments was well the federal the federal district court granted relief So, you know, why should we really worry about this too much? Out there waiting for it to come down each one thinks the others got the ball drops right between them each one's gonna that's If I may move on a bit if you want to move on to the the JEP issue how is there even a prima facie case here of Of exclusion of women with a premature strikes and how is there a Batson problem as played to? Well, I really would I really want to talk about lingering death rather than JV because I think that I think that there's an abu Jamal problem with the JV claim and you should you deserve credit for bringing it to our attention I would have expected the Commonwealth would have So so in terms of the the lingering death issue you know from from the beginning the defense was was arguing this case as an alibi case and And was acknowledging that there was that there was a ton of evidence that mr. Copenheffer was involved to some extent, but that as the As the prosecutor argued and the court instructed the jury if if they didn't find that mr Copenheffer was there and pulled the trigger they couldn't convict him of first-degree murder But you know given the the edpa standard of deference that we have here and It is as often said it's doubly deferential under Strickland given the defendant down in the witness stand and Said one of my clerks and and I said I had heard nothing but homicide trials for three years There's only one testimony from a defendant that I remember that I would say Exceeds this one in terms of his fantasy level it was Incredible this guy's testimony in the other one was Scar a Star Wars tougher toilets on stuff. This is close this is really close to that for the defense attorney to anything but to try to preserve an alibi and to take that approach in Letting the lingering death all he has to do is raise a reasonable doubt if he takes a view that well Graham's testimony sitting out there If they accept that then my client at least have an as an alibi Not only based upon my clients coming to going from his mouth But his wife the other people in the store that maybe that's my best shot here that I can argue There's a reasonable doubt about whether he was there at the time. What's wrong with that? Well that that is the defense but given that defense if that's your defense Then a reasonable Lawyer would look into this lingering death theory because if the lingering death theory is true It destroys the alibi Essentially because that's that's the Commonwealth's argument that he shot her around too, and she died later on well so so you you need to look at that before you decide how to pursue the defense at all and Works out about that until trial he didn't know about it. Oh, I I Don't think I don't think that's I don't think that's accurate. There's nothing. There's nothing to show that he was surprised by this There was nothing in dr. German's report. There's that the speaks of this theory. There was nothing in dr Kim's report there was no other record or Piece of evidence that I was able to see that part of our record that that referred to a lingering death theory I mean the only thing you got was at this I was a second picker hearing when you had dr. Wecht testified, but I mean, but it's trial I Think that's Barry's absolutely, right Well what the testimony I think the easiest way on this issue Me is the prejudice issue the testimony of the defendant of the detective that cope and Heather Was telling the other inmates how to shoot someone in the head and not sever Medulla, so that the victim doesn't die right away. I mean I Don't see I don't see that That testimony from the detective as as overcoming what what dr. Wecht testified to which is you know number one what happened to the woman's brain would have killed her within a minute or Two a number two. There's no congestion in her lungs. There's no bleeding. It's well because the testimony from dr Goodman was not that the medulla was severed and And even Wecht doesn't say it was totally destroyed if the medulla is not totally destroyed one can linger Well Dr. Wecht's testimony is that that the medulla is is Damaged and that the pons is destroyed and and with the pons destroyed you're not going to linger That's I mean, that's his Testimony very very emphatically stated plus that if she had lingered there would have been congestion and blood in her lungs And there was not so The Commonwealth had to prove murder not time of death and This point the magistrate said the Commonwealth made out an overwhelming case I I Disagree with that. I agree that the that the evidence of mr. Copenheffer is participation in the Big scheme. I agree that that is overwhelming. I do not agree that the evidence that he was at the scene Actor here, you got his fingerprints all over the place. You got the oil from the highway that was recently oiled on his tires The statements that he did make which came in your fingerprints point plan the plan on the computer under his own plan These are one actor took place in the afternoon. Well, that was that was the Commonwealth's argument. Yeah argument It's it's a good argument But it only works if the if the lingering death theory is correct and that's why council had a duty to investigate it Well the linger even if Kim was right at the time of death she could have lingered into that time Not well, but not not if dr. Wecht is correct. Dr Wecht says she dies in a minute or two and that's something that the jury needs to hear that's computing X that that would be Combating experts. Well and a theory that only came out of trial Well, there's there's no there's no objection from the defense that this is some new theory that we never heard about before Well, they should have been when the testimony came out But that's beside the point, but again given the yet He was pleased with his testimony as to time of death But he he didn't recall anything about lingering death Which is kind of amazing to me because the prosecutor argued at closing this lingering death This is extremely important extremely important to our case He liked what he had the defense attorney liked what he had there and he didn't want to open the door Now it could have happened including going back and really take doing a number on his own client Now that that's totally speculation, there's nowhere that there's no It's a finding by the state Supreme Court that this was a strategical decision. Is that entitled to a presumption of correct? No, that's not what the that's not what the state Supreme Court found They they said that counsel can never be ineffective for failing to consult an expert to revolt To to rebut the Commonwealth's case and that's that's a bright line rule. That's just contrary to Strickland They found that there were all of these other things that he had investigated all these other Theory, you know, I and that it arose during trial and they didn't grant a relief. So I don't know Yeah, me you can argue about when I was right or wrong, but obviously that's just not I mean it was seen to be the argument. Can the Supreme Court make findings a Supreme Court can make findings. I There's gonna develop work. Can it appellate court make findings an appellate court can make findings, but there's not Any good? I'm gonna lose you from the tape. If you speak to pardon me Okay Footnote 12 of the of the Pennsylvania Supreme Court's opinion talks about Trial counsel is never going to be ineffective for failing to consult an expert to rebut the Commonwealth's case Let's assume that's wrong. Let's just get the isn't it really just harmless error, even if it's wrong No, I I there's same thing. No prejudice. I mean that's Strickland. You have to yes you unreasonably in connection with you doing your professional job, and it must prejudice the Your client and and mr. Copenheffer was prejudiced here because if the jury heard Testimony from a respected expert like dr. Wecht that was going to that was going to counterbalance the 358 other it's not gonna It's not gonna say that mr. Copenheffer is totally innocent. It's gonna create reasonable doubt as to the result of the trial Would have been different. Yes, and it would have been different because there would be reasonable doubt as to whether mr. Copenheffer pulled the trigger Thank you Didn't marry you zero five minutes I Just wanted to ask you a question at the outset. I mean, mr. Lowry pointed out that there is a significant difference between the statutes even though they look the same that there's a one-word difference and it's significant between the Statute of Buchanan the Virginia statute and the statute here the Pennsylvania statute in The Virginia Code states that mitigating circumstances may include the lack of criminal conviction and the PA code Says that you must include them. You shall include them. Yes, so how can you ignore a Mitigating circumstance and obviously that's basically what was it risotto says you can't ignore it. It's impossible That's true So what what how do you just does that distinguish Buchanan from this case I believe in this case they and again, I'm Repeating myself. I understand they did not ignore The judge said they were to give they must give weight They must consider the mitigating factors they consider the mitigating factors as Pennsylvania requires they did and Of course, I extend it further to say they gave it weight They did a mathematical problem and came out to zero and I understand that that's the panel Is doesn't appreciate my math, but that's that's our position Supposing the magistrate judge was right when he said That the death penalty goes Am I correct in saying that the Commonwealth never argued harmless error, I Don't in my reading of all the documents and again, please appreciate I was in my first year of law school when the case was Tried I have not seen anything that indicated was harmless error. Are you waived? Would you would we have to consider that a waiver of any such argument now? I'd have to concede that Finally a concession that I can appreciate I have nothing. Well, you have some more time if you want to proceed. I don't know if you I guess on the lingering death That I would note that the defense attorney. Mr Ridge in fact did object to the testimony of doctor and it's spelled German, but it's Hermann dr. Hermann's Coming in as to lingering death and the courts correct that that was something that was brought up not in his report So here's what the defense attorney did like all good defense attorneys on cross-examination of dr. Hermann In the reproduced record. He got from him. Is it is it a possibility that death was not immediate? It's a possibility. Is it a possibility that death was immediate? He said it's a possibility So as the court noted that The defense attorney did what he the best he could he got in he established reasonable doubt that that that the murder occurred The death occurred between midnight and 2 a.m. On that Saturday, which is when his client had an alibi Theoretically and so he did that was extremely effective and if you look at the other attorneys extremely effective Well, I mean effective cross-examination Getting in and getting out as we say in the courtroom, you don't want to belabor the point But just to note that he did in fact Object initially to the court overruled the objection and then he went on and made his points and again the second part Aside from deficient on the prejudice prong as the courts noted I have the list of of everything the 22-point plan and the crate paper Perfectly matching and so on keep in mind that none of those pieces of circumstantial evidence are Affected in any way by the lingering death theory whether it's in or out. They stand alone. So each one of those pieces of evidence which point to the defendants guilt Had nothing to do with the lingering death. There's always arguments it points to his involvement But it doesn't make him the person pulling the trigger which take the death. Well, we had we had a piece of female flesh on his pants with a blue Tip glazed bullets with the blue tint on the flesh which was on his pants I'm That's pretty good evidence as to he was either Standing next to the man who pulled the trigger if you want to believe that he was somehow Code to co-conspirator or he pulled the trigger himself That's good in a death case. There's a gigantic difference. You're standing next to the trigger person You get second of your murder Well, I understand but we're on the issue on the issue of whether or not there was prejudice to the verdict Just a little question. Why do you why does judge Brooke Smith name appear on all the Commonwealth briefs? Excuse me Why does judge Smith's name appear on the Commonwealth bridge as the district judge below? Including the one that was filed just recently Or in 2008 the supplemental I wasn't I don't I have no answer for that 2004 That just was curious Let me ask you equally curious question. Who was the state judge? Do you know? Come please court judge the judge in common police court judge Roger Fisher who's now deceased Thank you better in the advisement